SACCO & FILLAS, LLP
ATTORNEYS AT LAW
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

September 15, 2022

**Via ECF**
The Honorable Cheryl L. Pollak
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Nakoulas v. Ebadi, et al*
       **1:20-cv-00678-ENV-CLP**

Dear Judge Pollak:

This firm represents Plaintiff Ioannis Nakoulas ("Plaintiff") in the above-captioned matter.  Plaintiff files jointly with Defendants **VICTOR EBADI, THE SIZZLING WOK, INC. d/b/a SIZZLING WOK ("Defendants")** the following: (i) Settlement agreement signed by Plaintiff; and (ii) *Cheeks* letter motion seeking settlement approval.

Counsel for Defendant has advised me that he is awaiting his client's signature on the settlement agreement. Counsel further advised, however, that his client already approved the agreement and that he should have the signed document no later than Monday, September 19, 2022.

Respectfully submitted,

By:    ___/s/Patricia R. Lynch_____
              Patricia R. Lynch, Esq.

cc: All counsel of record (via ECF)

SACCO & FILLAS, LLP
ATTORNEYS AT LAW
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

September 15, 2022

**Via ECF**
The Honorable Cheryl L. Pollak
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Nakoulas v. Ebadi, et al*
       **1:20-cv-00678-ENV-CLP**

Dear Judge Pollak:

This firm represents Plaintiff Ioannis Nakoulas ("Plaintiff") in the above-captioned matter. Plaintiff writes jointly with Defendants **VICTOR EBADI, THE SIZZLING WOK, INC.** d/b/a **SIZZLING WOK** ("Defendants") to request that the Court approve the Parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims and associated claims pled in the Complaint filed in the above-captioned matter. The Parties' settlement is reflected in the agreement attached as Exhibit A ("Settlement Agreement & Release"), and for the reasons below, the Parties respectfully request that the Court approve the settlement as "fair and reasonable" under *Cheeks v. Freeport Pancake House Inc.*, 795 F.3d 199 (2d Cir. 2015).

In the Settlement Agreement & Release, Plaintiff has agreed to settle his individual wage-and-hour claims against Defendants under the FLSA and associated claims. The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Settlement Agreement & Release. The Settlement Agreement & Release is the result of an arms-length negotiation between the Parties and their counsel, with an eye towards bringing this matter to a close and avoiding complex and costly litigation. The proposed settlement would award Plaintiff a total of Four Thousand Dollars ($4,000.00) to settle such claims.

## I.    Statement of the Case

In the Complaint filed on February 6, 2020 (ECF 1), Plaintiff alleges that he is non-exempt under the FLSA, and for one year from September 2017 to September 2018, Plaintiff alleges that when working for the Defendants and the other named defendants in the caption, more than forty (40) hours per week, Defendants failed to pay minimum wage, overtime, and for hours worked in general. Plaintiff alleges this practice violated the FLSA and alleges related claims as well.

Plaintiff ultimately learned that although Defendant Ebadi assisted Plaintiff in finding work at the other defendants in the caption of the case that Defnednat Ebadi did not own the defendants in the caption of the case except for **THE SIZZLING WOK, INC.** Therefore the claims against the

other defendants were discontinued without prejudice. In turn, Plaintiff only worked for Defendants (VICTOR EBADI and THE SIZZLING WOK, INC. d/b/a SIZZLING WOK) for less than one month.

## II.    Fairness and Reasonableness of the Settlement

As noted above, the proposed Settlement Agreement & Release concerning Plaintiff's FLSA and related claims seeking is attached hereto as Exhibit A.  The settlement sum for the claims released therein is $4,000, with $1,052.47 allocated to reimbursement of disbuirsements advanced by Plaintiff's counsel, 33 and 1/3% of the net sum to be awarded as attorneys' fees to Plaintiff's counsel $982.50, and Plaintiff will receive $1,965.02.  Under *Cheeks* and its progeny, the Court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1)  the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Garcia v. 120 MP, LLC*, 2020 U.S. Dist. LEXIS 42700 at *1-2 (S.D.N.Y. Mar. 11, 2020) (*citing Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arms-length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." *Id.*  This is apparent because the Parties and their counsel have negotiated the terms related to this agreement for several months, reviewed the records, discussed questions or concerns related to such records, and evaluated the strengths and weaknesses of the claims and defenses of this action.

Plaintiff's range of recovery is approximately the $4000 which is being provided through this instant proposed settlement as the case essentially involves only one month of work.

By resolving these claims in the manner set forth in the Settlement Agreement & Release, Plaintiff is guaranteed to receive a significant percentage of the amount she would record after trial, and will do so without the burden, time, and expense of discovery and protracted litigation.  By resolving the claims now, Defendant also avoids a costly, time-consuming litigation, and the possibility of loss at trial.  Thus, the settlement is favorable from the perspective of both parties.

### III.   Attorneys' Fees

The parties ask the Court to award $982.50 in attorneys' fees and $1,052.47 in costs to settling Plaintiff's counsel.  This is in accordance with the provisions of Plaintiff's retainer agreement attached hereto as Exhibit B.

The attorneys' fees and costs are reasonable in that they reflect a fraction of the time billed for researching Plaintiff's claims, preparing and filing the original complaint, reviewing Plaintiff's payroll and timekeeping records, negotiating a resolution of these claims, appearing for deposition, conducting discovery, and drafting the settlement agreement and approval papers.

The amount provided to Plaintiff's counsel under the Settlement Agreement & Release is well within the range of fees typically awarded in cases in this Circuit, and is well below Plaintiff's attorneys lodestar of $350.00/hr. on the released claims. Moreover, that amount provided by Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (*quoting Hyun v. Ippudo USA Holdings et al.,* No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014)  ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's counsel's requested fee award is reasonable. *See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41 (E.D.N.Y. 2010)*; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

The hourly rate compares favorably with rates that courts have approved for associate attorneys of comparable experience levels as those who worked on this matter.  *See, e.g., Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience); Doc. No. 42, at *33, 37; *Najera v 144 Ninth Gotham Pizza, Inc.,* 2017 US Dist LEXIS 26393, at *4 [SDNY Feb. 24, 2017, No. 12cv3133 (DLC)] (awarding $375 to senior associate Jesse Barton*); Calle v NDG Coffee Shop, Inc.*, 2018 US Dist LEXIS 62979, at *4-5 [SDNY Apr. 12, 2018, No. 16-cv-7702 (RJS)] (Court held that the following rates are reasonable: $450 for an attorney with twenty-five years of experience in wage and hour litigation; $375.00 for Colin Mulholland, an attorney with five years of experience in civil litigation, including wage and hour case, and $375.00 for Jesse Barton, an attorney with five years of experience in wage and hour litigation).  Plaintiff's counsel usually charges $350.00 per hour for litigation

representaion. This rate is comparable to rates paid to counsel of similar experience and professional focus in this district. *See Janus v. Regalis Constr. Inc.*, No. 11 Civ. 5788 (ARR) (VVP), 2012 U.S. Dis. LEXIS 127008, at *40-41 (E.D.N.Y. July 23, 2012) (awarding partner with extensive experience in wage litigation $350 per hour).

### IV.    Conclusion

Considering the foregoing, the parties jointly request that the Court approve the terms of the agreed upon settlement as memorialized in the Settlement Agreement & Release.  Should Your Honor have any questions or concerns regarding this settlement, the parties stand ready to address them. We thank the Court for its attention to this matter.

Respectfully submitted,

By:  __/s/ Zachary S. Kaplan_____
                 Zachary S. Kaplan, Esq.

cc: All counsel of record (via ECF)