**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**IOANNIS NAKOULAS,**

                                                                                                  **Case No.: 1:20-cv-00678-ENV-CLP**

                  **Plaintiff,**

      -against-

**VICTOR EBADI, THE SIZZLING WOK, INC.**
**d/b/a SIZZLING WOK, POKEBOWL STATION,**
**INC. d/b/a POKEBOWL, POKEWORKS NY2 LLC**
**& POKEWORKS NY3 LLC, d/b/a POKEWORKS,**
**KUREIJI, INC. d/b/a KUREIJI POKE SUSHI,**
**"XYZ CORP." d/b/a UPTOWN POKE,**
**"JOHN DOE",**
                                     **Defendants.**
-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into on May 6, 2022 between Plaintiff, IOANNIS NAKOULAS, (hereinafter "Plaintiff"), and Defendants, VICTOR EBADI, THE SIZZLING WOK, INC. d/b/a SIZZLING WOK (hereinafter "Defendants"):

## RECITALS

A. WHEREAS, on or about February 6, 2020, Plaintiff filed an action initiated by filing a Summons and Complaint against Defendants asserting damages for *inter alia*, compensatory damages before the United States District Court – Eastern District of New York, *IOANNIS NAKOULAS v. VICTOR EBADI, THE SIZZLING WOK, INC. d/b/a SIZZLING WOK,* Case No. 1:20-cv-00678-ENV-CLP ("District Court Action" or "above captioned action");

B. WHEREAS Plaintiff and Defendants ("the Parties") desire to resolve and settle the District Court action as well as any and all issues related to Plaintiff's relationship and employment with Defendants in an amicable manner without the expense of further litigation;

C. WHEREAS Defendants do not admit any fault or liability and this Agreement shall not be construed as an admission of fault or liability.

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, promises, etc. set forth below, receipt of which is whereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. Section 1 – Consideration and Settlement Compensation.

The Parties are entering into this Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees not to seek any further consideration from Defendants or any affiliated companies, including attorney fees, costs, and any monetary payment, beyond that which is set forth in this Agreement. Defendants agree to pay Plaintiff the total sum of four thousand dollars ($4,000.00) ("Settlement Amount") subject to the terms of Paragraph 2 below.

2. Section 2 – Terms and Responsibilities of the Parties

   a. Payment Schedule:

Within seven days after a motion pursuant to *Cheeks* is filed, Defendants shall deposit the sum of $4,000.00, with its counsel to be held in escrow until such time as the Court approves the settlement and attorneys' fees pursuant to such motion (see 2(b) below). Defendants' counsel will notify Plaintiff's counsel when the escrow has been funded. Upon approval of the settlement, the funds will be disbursed and made payable to:

   Sacco & Fillas, LLP
   as attorneys for **IOANNIS NAKOULAS**
   31-19 Newtown Ave., 7th Floor
   Astoria, NY 11102

With such amount to be further distributed by Sacco & Fillas, LLP as follows:
   I. First, the file disbursements advanced by Sacco & Fillas, LLP totaling $1,052.47 repaid to Sacco & Fillas, LLP.
   II. Next, Sacco & Fillas, LLP's legal fee 33 1/3% of the net amount totaling $982.50 to Sacco & Fillas, LLP.
   III. Finally, the remainder to Plaintiff IOANNIS NAKOULAS in the amount of $1,965.02.

   b. Cheeks Motion and Effect on Payment:

The Parties agree to jointly submit a motion to the District Court, pursuant to *Cheeks*, for approval of the settlement agreement and agreed upon settlement amount.

    c. <u>Stipulation of Discontinuance</u>:

    Contemporaneous with his execution of this Agreement, Plaintiff shall provide to counsel for Defendants an executed Stipulation of Discontinuance with Prejudice to be held in escrow until the final payment, as outlined above, is made to Plaintiff by Defendants under the terms of this Agreement and this Agreement and attorneys' fees are approved by the Court as outlined above.

d.     <u>Section 4 – Jurisdiction and Choice of Law.</u>

This Agreement shall be governed in all respects by and construed in accordance with the laws of the State of New York without regard to conflicts of law provisions. Any litigation between the parties for the purposes of enforcing this agreement or any orders thereto, shall be conducted in the US District Court – Southern District of New York, or in the event the same declines jurisdiction, in the Supreme Court of the State of New York, in an otherwise appropriate venue.

e.     <u>Section 5 – No Other Payments Due and Owing</u>.

Plaintiff hereby acknowledges and agrees that, after receipt of payment set forth in Section 1 above, he has been paid in full for all claims contained within the District Court Action and is not entitled to any other form of compensation, including, but not limited to, any wages, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, settlement payments, other benefits, damages, attorneys' fees, or costs from Defendants.

f.     <u>Section 6 – Release and Waiver of Claims by Plaintiff</u>.

    a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, hereby release, remise, acquit and forever discharge Defendants and its predecessors, successors, parents, agents, heirs, administrators, executors, trustees, beneficiaries, and attorneys, past, present and future (the "Releasees") from any and all claims, demands, actions, and causes of action, to or arising out of Plaintiff's employment, compensation and benefits, changes in employment, wrongful termination claims, discrimination, harassment, and retaliation claims, claims for attorneys' fees, costs and expenses, claims under federal, state or local wage payment, whistle-blower, through the date of execution of this Agreement, including, without limitation:

Any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' failure to pay any wages owed to Plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

 b. Plaintiff hereby expressly consents that the release contained in Paragraph 7(a) and the subparagraphs thereto shall be given full force and effect according to each and all of its express terms and provisions. Plaintiff hereby expressly acknowledges that he has been advised to review this Agreement and the release that it contains with an attorney, that he understands and acknowledges the significance and consequences of said release, and that he understands and acknowledges that without such provision, Defendants would not have entered into this Agreement or provided Plaintiff with the payments and benefits described in Paragraph l.

 g. <u>Section 7 – Release and Waiver of Claims by Defendants</u>.

In consideration for the releases and other covenants contained in this Agreement, Defendants and their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, hereby release, remise, acquit and forever discharge Plaintiff and his predecessors, successors, parents, agents, heirs, administrators, executors, trustees, beneficiaries, and attorneys, past, present and future (the "Releasees") from any and all claims, demands, actions, and causes of action related to wages arising out of Plaintiff's employment with Defendants.

 h. <u>Section 9 - Reference and Verification of Employment</u>.

If asked for a reference by a prospective employer of Plaintiff, Defendants will confirm that Plaintiff was employed by them and confirm the job title and duration of Plaintiff's employment and state that it is their policy not to discuss job performance with others if such information is requested.

 i. <u>Section 10 – No Modification Unless in Writing</u>.

No modification of this Agreement shall be valid unless in writing and hand signed by both Parties themselves and/or the Parties' attorneys.

 j. <u>Section 11 - Notices</u>.

All notices or communications under this Settlement Agreement shall be delivered either by hand, e-mail along with a telephone call, registered mail, certified mail (return receipt requested), or overnight delivery, to the address of Plaintiff's Counsel or Defendants' Counsel, respectively, as follows:

<u>Plaintiff's Counsel:</u>

Patricia Rose Lynch, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240

Plynch@saccofillas.com

<u>Defendants' Counsel</u>:

Kevin S. Johnson, Esq.
Hamra Law Group, Pc.
1 Linden Place, Suite 205
Great Neck, New York 11021
646-590-0571
KJohnson@hamralawgroup.com

Either Party may give notice of change of address in writing as set forth in this paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

k.  <u>Section 12 – Full and Complete Agreement</u>:

This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, understandings, or negotiations, whether written or oral between the Parties or their attorneys, pertaining to the subject matter herein and the action filed and captioned above and within this Agreement.

l.  <u>Section 13– Severability and Validity</u>.

Should any of the provisions of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement and the surviving terms shall remain valid and binding upon the parties so long as its purpose and the payment terms remain enforceable.

m.  <u>Section 14 – Facsimile/E-mail</u>:

A facsimile or email copy of this Settlement Agreement will have the same force and effect as the original. For the purposes of this Agreement, electronically transmitted signatures shall be deemed originals.

n.
<u>Section 15- Omitted</u>

 o. <u>Section 16 - Representation on Authority of Signatories</u>.

Each Party signing this Settlement Agreement represents and warrants that they are duly authorized and have legal capacity to execute and deliver the Agreement.

 p. <u>– Section 17 - Omitted.</u>

 q. <u>Section 18 - Voluntary Execution</u>.

Each party to this Agreement represents that they are entering into this Agreement voluntarily and of their own free will. Each party to this agreement represents that they have had the opportunity to obtain legal advice from counsel of their own selection in connection with the negotiation and execution of this Agreement. Each party to this agreement represents that she or he has carefully read this Agreement, understands its provisions, believes this Agreement to be fair and reasonable, and signs this Agreement freely and voluntarily. Each party to this Agreement that is not a native or otherwise fluent speaker of the English language represents that they have reviewed the terms of this Agreement with the assistance of an interpreter fluent in the party's native language who is neither a party nor a signatory to this Agreement. Each party to this Agreement represents that they fully understands his and her legal rights and obligations with respect to the subject matter of this Agreement.

 r. <u>Section 19 – Drafting</u>

The drafting of this Agreement by any party hereto or the attorney of any party hereto shall have no bearing on the interpretation of this Agreement, it being recognized that all parties hereto have had a full and fair opportunity to negotiate and review the terms hereof and to contribute to the substance and form of this Agreement. No party hereto should be considered to have drafted this agreement and the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any party hereto. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against either of the Parties.

    **IN WITNESS, THEREOF,** the undersigned Parties hereto evidence their agreement by their signature below:

**PLAINTIFF:**

_[signature]_          Sept. 9/2022

**IOANNIS NAKOULAS**

                                     **DATE**

**DEFENDANTS:**

_Victor Ebadi_          10/26/2022

**By: VICTOR EBADI, individually and**

                                       **DATE**

_Victor Ebadi_          10/26/2022

**THE SIZZLING WOK, INC. d/b/a SIZZLING WOK**

                                       **DATE**